CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
ULISES ALAN RODRIGUEZ FLORES,
*individually and on behalf of others similarly*
*situated,*

                            *Plaintiff*,

              -against-

2145 RICARDO LLC (D/B/A RICARDO
STEAK HOUSE ), RICARDO STEAK
HOUSE HEART FOUNDATION  (D/B/A
RICARDO STEAK HOUSE ), RICARDO
LLC (D/B/A RICARDO STEAK HOUSE ),
EDWARD M. MATEUS, and JAMES
MATEUS A.K.A JIMMY MATEUS,

                      *Defendants.*

------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

    Plaintiff Ulises Alan Rodriguez Flores ("Plaintiff Rodriguez " or "Mr. Rodriguez"),

individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal,

P.C., upon his knowledge and belief, and as against 2145 RICARDO LLC (d/b/a Ricardo Steak

House ), Ricardo Steak House Heart Foundation (d/b/a Ricardo Steak House ), RICARDO LLC

(d/b/a Ricardo Steak House ), ("Defendant Corporations"), Edward M. Mateus and James Mateus

a.k.a Jimmy Mateus, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

    1.      Plaintiff Rodriguez is a former employee of Defendants 2145 RICARDO LLC (d/b/a

Ricardo Steak House), Ricardo Steak House Heart Foundation (d/b/a Ricardo Steak House),

RICARDO LLC (d/b/a Ricardo Steak House), Edward M. Mateus, and James Mateus a.k.a Jimmy Mateus.

2.      Defendants own, operate, or control a steakhouse restaurant, located at 2145 2nd Ave, New York NY 10029 under the name "Ricardo Steak House."

3.      Upon information and belief, individual Defendants Edward M. Mateus and James Mateus a.k.a Jimmy Mateus, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Rodriguez was employed as a cook and salad preparer at the restaurant located at 2145 2nd Ave, New York NY 10029.

5.      At all times relevant to this Complaint, Plaintiff Rodriguez worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Rodriguez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Furthermore, Defendants failed to pay Plaintiff Rodriguez wages on a timely basis.

8.      In this regard, Defendants have failed to provide timely wages to Plaintiff Rodriguez Defendants' conduct extended beyond Plaintiff Rodriguez to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rodriguez and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10.     Plaintiff Rodriguez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Rodriguez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Rodriguez 's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a steak house restaurant located in this district. Further, Plaintiff Rodriguez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Ulises Alan Rodriguez Flores ("Plaintiff Rodriguez" or "Mr. Rodriguez") is an adult individual residing in New York County, New York.

15.     Plaintiff Rodriguez was employed by Defendants at Ricardo Steak House from approximately September 19, 2016, until November 30, 2019, from approximately February 2020 until March 15, 2020, and from approximately July 2020 until on or about February 6, 2022.

16.     Plaintiff Rodriguez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants own, operate, or control a steakhouse restaurant, located at 2145 2nd Ave, New York NY 10029, under the name "Ricardo Steak House."

18.     Upon information and belief, 2145 RICARDO LLC (d/b/a Ricardo Steak House) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2145 2nd Ave, New York NY 10029.

19.     Upon information and belief, Ricardo Steak House Heart Foundation (d/b/a Ricardo Steak House) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2145 2nd Ave, New York NY 10029.

20.     Upon information and belief, RICARDO LLC (d/b/a Ricardo Steak House) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2145 2nd Ave, New York NY 10029.

21.     Defendant Edward M. Mateus is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Edward M. Mateus is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Edward M. Mateus possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant

- 4 -

Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rodriguez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant James Mateus a.k.a Jimmy Mateus is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant James Mateus a.k.a Jimmy Mateus is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant James Mateus a.k.a Jimmy Mateus possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rodriguez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

23.     Defendants operate a steak house restaurant located in a neighborhood in Manhattan.

24.     Individual Defendants, Edward M. Mateus and James Mateus a.k.a Jimmy Mateus, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiff Rodriguez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Rodriguez, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff Rodriguez (and all similarly situated employees) and are Plaintiff Rodriguez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiff Rodriguez and/or similarly situated individuals.

29.     Upon information and belief, Individual Defendants Edward M. Mateus and James Mateus a.k.a Jimmy Mateus operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

    f)  intermingling assets and debts of their own with Defendant Corporations,

    g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

30.    At all relevant times, Defendants were Plaintiff Rodriguez 's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Rodriguez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Rodriguez's services.

31.    In each year from 2016 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33.    Plaintiff Rodriguez is a former employee of Defendants who was employed as a cook and salad preparer.

34.    Plaintiff Rodriguez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Ulises Alan Rodriguez Flores*

35.    Plaintiff Rodriguez was employed by Defendants from approximately September 19, 2016, until November 30, 2019, from approximately February 2020 until March 15, 2020, and from approximately July 2020 until on or about February 6, 2022.

36.    Defendants employed Plaintiff Rodriguez as a salad preparer and a cook.

37.    Plaintiff Rodriguez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

38.     Plaintiff Rodriguez's work duties required neither discretion nor independent judgment.

39.     Throughout his employment with Defendants, Plaintiff Rodriguez regularly worked in excess of 40 hours per week.

40.     From approximately September 19, 2016 until on or about November 30, 2019, Plaintiff Rodriguez worked as a salad preparer from approximately 3:00 p.m. until on or about 12:00 a.m., Sundays through Friday and from approximately 10:00 a.m. until on or about 12:40 a.m. to 1:00 a.m., Saturdays (typically 68.67 hours per week).

41.     From approximately February 2020 until on or about March 15, 2020 Plaintiff Rodriguez worked as a salad preparer and a cook from approximately 3:00 p.m. until on or about 12:00 a.m., from 5 to 6 days a week (typically from 45 to 54 hours per week).

42.     From approximately July 20, 2020 until on or about July 31, 2020, Plaintiff Rodriguez worked as a salad preparer and a cook from approximately 3:00 p.m. until on or about 12:00 a.m., 7 days a week (typically 63 hours per week).

43.     From approximately August 2020 until on or about February 2, 2022, Plaintiff Rodriguez worked as a salad preparer and a cook from approximately 3:00 p.m. until on or about 12:00 a.m., 6 days a week (typically 54 hours per week).

44.     Additionally, throughout his employment, Defendants required Plaintiff Rodriguez to work Saturdays twice a month during the period of July 20, 2020 until on or about February 2, 2022 from 10:00 a.m. until on or about 1:00 a.m. (typically 60 to 81 hours per week).

45.     Throughout his employment, Defendants paid Plaintiff Rodriguez his wages in a combination of check and cash.

46.     From approximately September 19, 2016, until on or about November 2019, Defendants paid Plaintiff Rodriguez $16.50 per hour.

47.     From approximately February 2020 until on or about March 15, 2020, Defendants paid Plaintiff Rodriguez a check for $360 and from $320 to $380 in cash per week.

48.     From approximately July 2020 until on or about December, 2020, Defendants paid Plaintiff Rodriguez a check for $360 and from $320 to $380 in cash per week.

49.     From approximately January 2021 until on or about November 2021, Defendants paid Plaintiff Rodriguez a check for $360 and $400 in cash per week.

50.     From approximately December 2021 until on or about February 6, 2022, Defendants paid Plaintiff Rodriguez a check for $500 and from $380 to $400 in cash per week.

51.     Plaintiff Rodriguez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

52.     For example, Defendants required Plaintiff Rodriguez to work an additional 1 hour past his scheduled departure time of 11:00 p.m. every day, and did not pay him for the additional time he worked.

53.     Defendants never granted Plaintiff Rodriguez any breaks or meal periods of any kind.

54.     Plaintiff Rodriguez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked, except for approximately 3 months around 2018.

55.     On a number of occasions, Defendants required Plaintiff Rodriguez to sign a document, the contents of which he was not allowed to review in detail.

56.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Rodriguez regarding overtime and wages under the FLSA and NYLL.

57.     Defendants did not provide Plaintiff Rodriguez an accurate statement of wages, as required by NYLL 195(3).

58.     Defendants did not give any notice to Plaintiff Rodriguez, in English and in Spanish (Plaintiff Rodriguez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.     Defendants required Plaintiff Rodriguez to purchase "tools of the trade" with his own funds—including uniforms and work shoes.

*Defendants' General Employment Practices*

60.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rodriguez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

61.     Plaintiff Rodriguez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

62.     Defendants habitually required Plaintiff Rodriguez to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

63.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Rodriguez worked.

64.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

65.     On a number of occasions, Defendants required Plaintiff Rodriguez to sign a document the contents of which he was not allowed to review in detail. Defendants paid Plaintiff Rodriguez his wages in a combination of check and cash.

66.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

67.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Rodriguez (and similarly situated individuals) worked, and to avoid paying Plaintiff Rodriguez properly for his full hours worked.

68.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

69.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Rodriguez and other similarly situated former workers.

70.     Defendants failed to provide Plaintiff Rodriguez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

71.     Defendants failed to provide Plaintiff Rodriguez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

72.      Plaintiff Rodriguez brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

73.      At all relevant times, Plaintiff Rodriguez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

74.      The claims of Plaintiff Rodriguez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

75.     Plaintiff Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

76.     At all times relevant to this action, Defendants were Plaintiff Rodriguez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Rodriguez (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

77.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

78.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

79.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Rodriguez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

80.     Defendants' failure to pay Plaintiff Rodriguez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

81.     Plaintiff Rodriguez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

82.      Plaintiff Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

83.      Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Rodriguez  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

84.      Defendants' failure to pay Plaintiff Rodriguez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

85.      Plaintiff Rodriguez was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

86.      Plaintiff Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

87.      Defendants failed to provide Plaintiff Rodriguez with a written notice, in English and in Spanish (Plaintiff Rodriguez 's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

88.     Defendants are liable to Plaintiff Rodriguez in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

89.      Plaintiff Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

90.     With each payment of wages, Defendants failed to provide Plaintiff Rodriguez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

91.     Defendants are liable to Plaintiff Rodriguez in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

92.      Plaintiff Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

93.     Defendants required Plaintiff Rodriguez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his

job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

94.     Plaintiff Rodriguez was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

95.      Plaintiff Rodriguez repeats and realleges all paragraphs above as though set forth fully herein.

96.     Defendants did not pay Plaintiff Rodriguez on a regular weekly basis, in violation of NYLL §191.

97.     Defendants are liable to Plaintiff Rodriguez in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rodriguez respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rodriguez and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Rodriguez 's and the

FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Rodriguez and the FLSA Class members;

(e)     Awarding Plaintiff Rodriguez and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Rodriguez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rodriguez;

(h)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Rodriguez;

(i)     Awarding Plaintiff liquated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Rodriguez's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Rodriguez;

(l)     Awarding Plaintiff Rodriguez damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiff Rodriguez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Rodriguez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Rodriguez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Rodriguez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

<u>**JURY DEMAND**</u>

Plaintiff Rodriguez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

August 9, 2022

CSM LEGAL, P.C

By:      /s/ Catalina Sojo, Esq.
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

June 7, 2022

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)**

Name / Nombre:                          Ulises Rodriguez Flores

Legal Representative / Abogado:          CSM Legal, P.C.

Signature / Firma:                       Ulises Rodriguez

Date / Fecha:                            7 de Junio 2022

*Certified as a minority-owned business in the State of New York*